IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

   vs.

GENDARME CAPITAL CORPORATION; et al.,

        Defendants.

No. CIV S-11-0053 KJM-KJN

ORDER

        This matter comes before the court upon defendants' motion to strike and/or dismiss plaintiff's complaint. (ECF 17.) This matter was decided without a hearing. For the following reasons, defendants' motion is denied.

I.  PROCEDURAL HISTORY

        Plaintiff filed the complaint in this action on January 6, 2011 alleging that defendants Gendarme Capital Corporation, Ian Lamphere, Ezat Rahimi and Cassandra Armento violated §§ 5(a) and (c) of the Securities Act of 1933 ("Act"), 15 U.S.C. §§ 77e(a) and (c). (Compl. ¶¶ 32-35, ECF 1.) Defendants filed the present motion to strike and/or dismiss in lieu of an answer on March 16, 2011. (ECF 17.) Defendants contend that portions of the complaint should be stricken and that the complaint against defendant Armento should be dismissed in its

1

entirety. (Defs.' Mot. at 3.) Plaintiff filed its opposition on April 27, 2011. (ECF 20.) Defendants filed their reply on May 4, 2011. (ECF 21.)

II. <u>ANALYSIS</u>

    A.    Motion to Strike

        I.    Standard

Federal Rule of Civil Procedure 12(f) states "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Redundant matter is defined as allegations that 'constitute a needless repetition of other averments or are foreign to the issue.'" *Taheny v. Wells Fargo Bank, N.A.*, No. CIV S-10-2123 LKK/EFB, 2011 U.S. Dist. LEXIS 44300, at *7 (E.D. Cal. Apr. 18, 2011) (quoting *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06-1455, 2007 U.S. Dist. LEXIS 8683 (E.D. Cal. Jan. 26, 2007)). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded [and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534-35 (1994) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 & 711 (1990)). "'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are disfavored and infrequently granted." *Bassett v. Ruggles*, No. CIV F-09-528 OWW/SMS, 2009 U.S. Dist. LEXIS 83349, at *65 (E.D. Cal. Sep. 14, 2009). They "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation," *id.*, and "may cause prejudice to one of the parties." *Taheny*, 2011 U.S. Dist. LEXIS 44300, at *7 (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1380); *see also Wynes v. Kaiser Permanente Hosps.*, No. CIV S-10-0702-MCE-GGH, 2011 U.S. Dist. LEXIS 35400, at *31 (E.D. Cal. Mar. 31, 2011) ("courts often require a showing of prejudice by the moving party").

ii. Application

Defendants maintain that allegations of scienter in the complaint should be stricken because they are "redundant, immaterial, impertinent, or scandalous." (Defs.' Mot. at 7.) Specifically, defendants ask the court to strike the following language: Gendarme and its principals "'falsely represented to the issuers that it purchased shares for investment purposes only'"; the principals used Gendarme "'as a conduit to dump shares of Pink Sheets companies on the public markets'"; the principals "'quickly dump[ed] most of the shares on the public market'"; and Armento "'participat[ed] in Gendarme's illegal stock distributions.'" (*Id*. at 8 (quoting Compl. ¶¶ 1, 2, 14 & 27).)[1] Defendants in their reply brief also raise Federal Rule of Civil Procedure 9(b) as further support for their motion to strike.[2] (Defs.' Reply at 4.)

Although plaintiff admits it is not required to allege defendants acted with scienter in stating a claim under § 5 of the Act, plaintiff is correct that it is not barred from making such allegations. (Pl.'s Opp'n at 6.) Plaintiff's contention that allegations of scienter are relevant here to show that Gendarme was a statutory underwriter and to pursue certain types of relief, including permanent injunctions and civil monetary penalties (*id*.), is well-taken. Section

---

[1] In their reply brief, it appears defendants seek to have an additional segment of the complaint stricken not raised in their moving papers – specifically, that part of paragraph 28 alleging Armento "falsely represented that Gendarme was not 'an underwriter of the issuer . . . .'" "It is improper for the moving party to introduce new facts or different legal arguments in the reply brief than presented in the moving papers." *Lerma v. Arends*, No. CIV F-11-0533 LJO/MJS, 2011 U.S. Dist. LEXIS 66379, at *15 (E.D. Cal. Jun. 22, 2011). The court does not consider this new argument.

[2] Defendants' argument that plaintiff is somehow diminishing the meaning of Federal Rule of Civil Procedure 9(b) by describing fraud but not alleging a cause of action for fraud and their apparent contention that plaintiff must comply with Rule 9(b)'s heightened pleading standard will not be considered by the court as this argument also is made for the first time in the reply brief. (Defs.' Reply at 4.) *Lerma*, 2011 U.S. Dist. LEXIS 66379, at *15.

3

5 does not apply to "transactions by any person other than an issuer, underwriter, or dealer." 15 U.S.C. § 77d(1). "The definition of 'underwriter' in the Securities Act is expansive." *Sec. and Exch. Comm'n v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1086 (9th Cir. 2010). An "underwriter" is defined as "any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, the distribution of any security . . . ." 15 U.S.C. § 77b(a)(11). Plaintiff alleges Gendarme was an underwriter in order to establish that defendants violated § 5; this requires plaintiff to allege that Gendarme purchased the stocks "with a view to" sell them. Likewise, "[i]n order to obtain a permanent injunction . . . , the SEC [has] the burden of showing there [is] a reasonable likelihood of future violations of the securities laws." *Murphy*, 626 F.2d at 655 (citing *U.S. v. W. T. Grant Co.*, 345 U.S. 629, 635 (1953)); *see also Sec. and Exch. Comm'n v. M&A West Inc.*, 538 F.3d 1043, 1055 (9th Cir. 2008). In addition, plaintiff must allege scienter in order to seek certain statutory penalties available against defendants; specifically, plaintiff must allege that defendants' violation of § 5 of the Act "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." *See* 15 U.S.C. § 77t(d)(2); *M&A West Inc.*, 538 F.3d at 1054.

Moreover, the allegations defendants seek to have stricken do not rise to the level of "scandalous" as defendants contend; rather than casting a "cruelly derogatory light" on defendants, they set forth relevant, material and pertinent factual assertions against defendants. If every paragraph in every complaint could be stricken simply because a defendant took umbrage, there would be very few complaints that could pass Rule 12(b)(6) muster.

Furthermore, the complaint's allegation that Armento "'participat[ed] in Gendarme's illegal stock distributions'" goes directly to plaintiff's claim against defendant Armento: plaintiff's allegations against Armento are based on her participation in the alleged violations of § 5.

/////

/////

1    Thus, it is far from clear that the allegations defendants challenge could have no possible bearing on this litigation. *Bassett*, 2009 U.S. Dist. LEXIS 83349, at *65. The court does not believe that striking them "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny*, 2011 U.S. Dist. LEXIS 44300, at *7 (citing *Fantasy*, 984 F.2d at 1527-28). It is not for the court to "resolve disputed and substantial factual or legal issues in deciding a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation and alterations omitted). Defendants' motion is denied.

B.   Motion to Dismiss

I.   Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Ultimately,

/////

5

the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

ii. Application

Defendants contend that § 5's restrictions are on sellers and issuers, not on legal advisors. (Defs.' Mot. at 10.) Likewise, defendants maintain that Armento was not an underwriter for purposes of § 5 because she "never even purchased the underlying securities, no less distributed them," nor was she an affiliate. (*Id*. at 11-12.) Defendants contend that even if secondary liability is feasible under § 5, Armento cannot be found secondarily liable. (*Id*. at 13.) Defendants further maintain that plaintiff does not present sufficient factual allegations that Armento participated in the stock distributions. (Defs.' Reply at 8.) Plaintiff counters that courts "have consistently found Section 5 liability for attorneys" in these circumstances. (Pl.'s Opp'n at 8.)

Section 5(a) of the Act states: "Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly–(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or (2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or the delivery after sale." 15 U.S.C. § 77e(a). Section 5(c) of the Act states: "It shall be unlawful for any person, directly or

indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security . . . ." 15 U.S.C. § 77e(c). "[N]ot everyone in the chain of intermediaries between a seller of securities and the ultimate buyer is sufficiently involved in the process to make him responsible for an unlawful distribution." *Geiger v. Sec. and Exch. Comm'n*, 363 F.3d 481, 487 (D.C. Cir. 2004) (internal quotation and alteration omitted). However, the Ninth Circuit holds that § 5 liability will attach where a defendant "is both 'a necessary participant' and 'substantial factor' in the sales transaction." *Sec. and Exch. Comm'n v. Phan*, 500 F.3d 895, 906 (9th Cir. 2007) (quoting *Murphy*, 626 F.2d at 652). The "necessary participant" prong "asks whether, but for the defendant's participation, the sale transaction would not have taken place." *Murphy*, 626 F.2d at 651.[3]

In the complaint, plaintiff alleges that Armento "issued more than 50 opinion letters to stock transfer agents [which] falsely claimed that Gendarme was not an 'underwriter,' and thus did not intend to distribute the shares [and] were required for Gendarme to obtain the stock without restrictions . . . which allowed Gendarme to easily sell the shares on the public markets." (Compl. ¶ 3; *see also, e.g., id.* ¶¶ 22, 28.) In addition, the complaint alleges Armento "drafted approximately 35 or more warrant agreements for Gendarme, which gave Gendarme the right to purchase an issuing company's shares." (*Id.* ¶ 27.) Plaintiff further alleges Armento engaged in these activities without first determining whether the information in the letters and warrants was true, and continued to do so after finding out that the information likely was false and that Gendarme was likely selling the shares. (*See id.* ¶¶ 27-30.) Significantly, plaintiff

---

[3] Defendants' reliance on a line of cases applying § 12 liability is unavailing. (Pl.'s Mot. at 10-11; Pl.'s Reply at 9-10.) As plaintiff indicates (Pl.'s Opp'n at 8 n.2), the Ninth Circuit has explicitly stated that § 12's standard for finding liability is different from § 5's standard and that the test articulated in *Murphy* is to be used in determining whether § 5 liability will attach. *Phan*, 500 F.3d at 906 n.13.

alleges that without Armento's actions, Gendarme would not have been able to obtain the stock without restrictions and thus would not have had shares to sell. (*See, e.g.*, *id.* ¶¶ 3, 28, 29.)

As such, the complaint neither "lack[s a] cognizable legal theory [nor] sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699. Defendants' motion to dismiss the complaint as to defendant Armento is denied.

III. CONCLUSION

For the foregoing reasons, defendants' motion to strike and/or dismiss is DENIED in its entirety. Defendants shall file answers to the complaint within twenty-one (21) days of the entry of this order. The court hereby SETS the status (pretrial scheduling) hearing to take place on March 15, 2012 at 2:30 p.m. Parties shall submit a joint status report by March 8, 2012.

IT IS SO ORDERED.

DATED: January 30, 2012.

UNITED STATES DISTRICT JUDGE